JOHN W. DRAPER *vs.* SALEM T. WELD & others.

Evidence of what was said, in the absence of the payee of a promissory note, by one who had signed it on its face, to induce another to sign it on the back, is inadmissible to show that the latter put his name on the note with authority to fill up the blank with a guaranty only. And the admission of such evidence is not cured by a subsequent finding . of the jury that the signature was put on the back of the note before it was delivered.

Giving time to one of two sureties on a promissory note does not discharge the other, although the first has signed his name upon the face, and the other on the back of the note.

ACTION OF CONTRACT against Weld, McGregory and Stevens, as joint and several makers of this promissory note:

" Sturbridge, Feb. 24, 1857. $1,000. With interest after date, I promise to pay to the order of John W. Draper, on demand, ten hundred dollars, value received.

" Salem T. Weld,

" Ebenezer McGregory."

Signed on the back " M. R. Stevens."

No service was made on Weld, he being out of the Commonwealth. McGregory was defaulted. Stevens answered that he signed the note as a guarantor only; and that after such signature, and after the note was by its terms payable, the plaintiff agreed with McGregory, for a valuable consideration, to extend the payment of the note till the 1st of January 1858, by means whereof Stevens was discharged from any liability thereon. Trial in the court of common pleas at March term 1859, before *Sanger*, J, who signed this bill of exceptions:

" It was not controverted that Weld and McGregory were original promisors. But Stevens contended that he was not liable in that form; but that he signed the note some days after the plaintiff had paid the money on it to Weld, and after the plaintiff had accepted the same and agreed to hold it as a valid note against Weld and McGregory; and that, if liable at all, he was liable as a guarantor.

" The plaintiff testified that the note was handed to him on or about the 4th of March 1857, and not later than the 6th of March, by Weld; that the names of McGregory and of Stevens were then upon the note; that he then paid the money to Weld and took the note into his possession, and had held it ever since; that he never had the note in his possession till that day; and that on that day he saw Stevens in the village of Fiskdale in Sturbridge, where the money was paid and where Weld resided. Stevens then resided at Newton, and McGregory at Longmeadow.

" The defendant Stevens testified that he was at Fiskdale only once in the spring of 1857, which was on the 17th of March; that he was then in the hotel at Fiskdale, and saw the plaintiff and Weld talking together in the street, and saw the plaintiff hand Weld a paper; that Weld came into the hotel, and brought with him the note in suit; and that he signed the note at that time, at the request of Weld. He also testified, the plaintiff's counsel objecting, that when Weld came into the hotel, Weld said to him that the plaintiff had lent him the money on this note some time before, and that the plaintiff said or had agreed he would let it lie a while longer if Stevens would indorse the note, and that he (Stevens) thinking that Weld and McGregory were good for a thousand dollars for that length of time, signed the note, and did not expect to hear from it again. The defendant's counsel contended that what Weld told Stevens was admissible for the purpose of showing that the defendant put his name on the note with an authority to fill up the blank with a guaranty only.

" There was evidence tending to show that McGregory and Stevens were sureties; and the defendant was permitted to

49 *

introduce evidence to prove that the plaintiff, in the month of August 1857, made an agreement with McGregory, for a valuable consideration paid him by McGregory, to give him time till the first of January 1858 for the payment of the note.

" The defendant contended and asked the judge to rule, the plaintiff's counsel objecting, that the giving of time to McGregory, if proved, would constitute a good defence to the note on the part of Stevens; and the judge did so rule, and instructed the jury that if they believed that an agreement was made between the plaintiff and McGregory, for a valuable consideration, to extend the time for the payment of the note till the first of January, as testified of by McGregory, that would constitute a valid defence, and would prevent the plaintiff from recovering against Stevens.

" The jury, on retiring, were requested by the judge to pass upon two questions, and to be prepared to answer them when they came in : first, whether Stevens put his name upon the note before it was delivered to the plaintiff, and before the money was paid by the plaintiff to Weld; and second, whether an agreement was made between the plaintiff and McGregory upon a valuable consideration to give time to McGregory upon the note. The jury found a verdict for the defendant, and also found against the plaintiff on both the questions submitted to them. To which rulings and instructions the plaintiff excepts."

*P. C. Bacon,* for the plaintiff, to the point that giving time to McGregory, one of the makers of the note, constituted no defence for Stevens, cited Story on Notes, § 421 ; Chit. Bills, (10th Amer. ed.) 415; Edwards on Bills & Notes, 572; *Shed* v. *Pierce,* 17 Mass. 628 ; *Shaw* v. *Pratt,* 22 Pick. 305 ; *McAllester* v. *Sprague,* 34 Maine, 296; *Dow* v. *Tuttle,* 4 Mass. 414; *Fullam* v. *Valentine,* 11 Pick. 159 ; *Perkins* v. *Gilman,* 8 Pick. 229 ; *Gibson* v. *Gibson,* 15 Mass. 112; *Wilson* v. *Foot,* 11 Met. 287 ; *Story* v. *Foster,* 17 C. B. 215 ; *Dunn* v. *Slee,* Holt N. P. 399 ; *Ex parte Gifford,* 6 Ves. 805 ; Pitman on Principal & Surety, 131, 192 ; 1 Story on Eq. § 498.

*G. F. Hoar,* (*C. Devens, Jr.* with him,) for the defendant. 1. The jury have found, on competent evidence, and under rul-

ʌngs not objected to, that the signature of Stevens was placed upon the note after it had gone into effect—from which the law would imply a contract of guaranty only. *Tenney* v. *Prince,* 4 Pick. 385. By this finding, the evidence offered and admitted " for the purpose of showing that the defendant put his name on the note with an authority to fill up the blank with a guaranty only," became wholly immaterial. And so did the ruling as to the effect of the extension, as applied to any other liability of Stevens than as guarantor for the other signers.

2. Giving time to McGregory discharged Stevens from his liability; and this whether they were cosureties merely, or Mc-Gregory was a principal as to him. 6 Ves. (Amer. ed.) 809, note. *Mayhew* v. *Crickett,* 2 Swanst. 192. The manner of the signature is notice to the holder that the parties were joint and several promisors and the two latter were sureties. The note is, " I promise to pay." *Bryant* v. *Eastman,* 7 Cush. 113. *Pray* v. *Maine,* 7 Cush. 253. *Hunt* v. *Adams,* 5 Mass. 358. *March* v. *Ward,* Peake R. 130. *Hemmenway* v. *Stone,* 7 Mass. 58. *Baker* v. *Briggs,* 8 Pick. 122.

For the several promise of McGregory, the creditor substituted a new contract, which Stevens never agreed to see performed, in whole or in part. That contract was inconsistent with Stevens's right to pay-at once and call on McGregory for reimbursement, and inconsistent with his right at any time, on tendering indemnity, to use all legal or equitable remedies in the plaintiff's name. 1 Story on Eq. § 324. By Kent, C., in *King* v. *Baldwin,* 2 Johns. Ch. 562. *Wright* v. *Simpson,* 6 Ves. 734. *Ex parte Rushforth,* 10 Ves. 414. *Morley* v. *St. Alban,* 11 Ves. 22. Sir Samuel Romilly *arguendo* in 14 Ves. 162, approved by Lord Brougham in 3 Myl. & K. 191. It cannot help the plaintiff to say that the defendants were several promisors, as well as joint; for successive indorsers are several promisors, yet giving time to a prior indorser discharges a subsequent one. *Lynch* v. *Reynolds,* 16 Johns. 41. *Hutchins* v. *Nichols,* 10 Cush. 302. A release of one joint and several promisor discharges the other. *Nicholson* v. *Revill,* 4 Ad. & El. 675. *Cheetham* v. *Ward,* 1 Bos. & Pul. 630. Giving time to one of two promisors

discharges a surety at law. Story on Notes, § 414. The agreement need not be such as would release the debt; it is sufficient if a breach of it would give the principal a right of action against the creditor. Story on Notes, § 413. *Greely* v. *Dow*, 2 Met. 176. Most of the reasons for discharging a surety when time is given to the principal, apply with equal force to the giving of time to a cosurety.

But McGregory and Stevens were not cosureties. The form of this note gave notice to the holder that the party signing on the back was surety for the parties signing on the face. As between themselves, Weld may have been principal and McGregory surety. But as between them and Stevens they were both principals. Signing in blank on the back of a note imports an engagement to see it paid, if the makers on the face do not. Although the holder may enforce it as a joint and several promise, as to the other makers it is a secondary and collateral contract merely. This is apparent from the principle that plaintiff may fill such blanks with a contract of guaranty, if he so elect, which would make the liability of the signer on the back secondary to that of the promisors. *Oxford Bank* v. *Haynes*, 8 Pick. 427. *Josselyn* v. *Ames*, 3 Mass. 274. *Moies* v. *Bird*, 11 Mass. 440. *Sumner* v. *Parsons*, 1 Dane Ab. 416. It cannot be that the plaintiff can have such election, if the parties are cosureties; as it would leave the rights and obligations of the other surety dependent on plaintiff. In many jurisdictions, such signature imports a second indorsement only. In *Chaffee* v. *Jones*, 19 Pick. 260, the only question submitted to the court was, whether the defendant would be liable at all for reimbursement, not having known of the plaintiff's signature; and it was there in evidence, that the note was given to take up a former note in which the parties were jointly liable.

The decision was made at Boston in June 1860.

METCALF, J. The court are of opinion that Stevens ought not to have been permitted to testify — for the purpose of showing that he put his name on the note with authority to fill up the blank with a guaranty only — to what Weld said to him when he (Weld) went into the hotel at Fiskdale. This

Draper *v.* Weld & others.

evidence would undoubtedly have a strong bearing on the minds of the jury upon the question whether the note was signed before it was delivered to the plaintiff. But for this purpose, so far as the plaintiff was concerned, it was hearsay testimony. It is said that it was restricted to " the purpose of showing that the defendant put his name on the note with an authority to fill up the blank with a guaranty only." But the answer is obvious, that if the defendant gave the note to Weld with his signature in blank, any limitation of the authority to fill up the blank could not affect the right of the plaintiff, to whom it was passed in that condition. For this reason, if there were no other, a new trial must be granted.

The court are also of opinion that the jury were wrongly instructed that giving time to McGregory, by the plaintiff, until January 1st 1858, for payment of the note, would prevent a recovery against Stevens. If, as between McGregory and Stevens, they were cosureties of Weld, the giving of time to one of them did not discharge the other, because the mere giving of time to one of two obligors, whose obligations are equal, will not discharge the other. *Dunn* v. *Slee,* Holt N. P. 399, and 1 Moore, 2. Burge on Suretyship, 156. Giving time by oral agreement to McGregory cannot have any greater legal effect than a covenant by a creditor not to sue, for a specified time, one of two or more joint debtors. Such a covenant is not a release, and it furnishes no defence to the other debtors. *Lacy* v. *Kynaston,* 12 Mod. 551. *Dean* v. *Newhall,* 8 T. R. 168. *Shed* v. *Pierce,* 17 Mass. 628. *Wilson* v. *Foot,* 11 Met. 285.

*Exceptions sustained.*