AMBROSE CAIN, Plaintiff in Error, *v.* HENDERSON BATES, ADM'R OF THOMAS Y. BATES, DEC'D, Defendant in Error.

*Note—Security.*—The neglect of the creditor to collect the bond or note from the principal debtor, will not discharge the surety from his liability, unless he give notice to the creditor in accordance with the statute, (R. C. 1855, p. 1454, § 1 & 2,) and the creditor, after such notice, fail to commence suit within the time limited.

### Error to Nodaway Circuit Court.

J. O. Drake and Thomas Y. Bates executed to the plaintiff their joint and several note, dated Aug. 15, 1856, payable twelve months after date, with ten per cent. interest. Bates was but a security although signing as joint debtor.

After the execution of the note Drake died and his estate was administered, but the note was not presented for allowance against his estate within three years. Bates subsequently died, and the note was presented for allowance against his estate, to the Nodaway county court, which rejected the claim, and the case was appealed to the Circuit Court, which also rejected the claim on account of the laches of the plaintiff in not prosecuting the claim against Drake's estate.

*H. M. & A. H. Vories,* for plaintiff in error.

BAY, Judge, delivered the opinion of the court.

It is not perceived upon what ground the court below gave judgment for the defendant, for the record certainly presents no valid defence. Admitting that Bates was merely surety in the note, still he could only protect himself by giving the statutory notice to sue, and a failure to sue within the time prescribed would have exonerated him from all liability.

Let the judgment be reversed and the cause remanded ; Judge Dryden concurring.