PETTY, *Appellant*, v. DOUGLASS.

1. **Principal and Surety**: NOTICE TO SUE. A surety cannot base a claim to be released from his obligation on a verbal notice to the creditor to proceed against the principal debtor. To be available the notice must be in writing.

2. ———: EXTENSION OF TIME. Part payment of a note after maturity is no valid consideration for an extension of time.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*C. S. McLaughlin* for appellant.

NORTON, J.—This suit was instituted upon a note in which A. P. Douglass was principal, and A. Sovereign, security. In a trial of the cause in the circuit court of Caldwell county, where it had been taken by appeal, judgment was rendered in favor of said Sovereign, from which plaintiff has appealed.

Sovereign, the security, sought to be excused from liability on the ground that after the note became due he notified the plaintiff that Douglass, the principal, was about to fail, and to make his money out of him, as he, Sovereign, was unable to pay the debt; and on the further ground that plaintiff had extended the time for payment of the note.

The notice given by Sovereign to plaintiff to make the money out of Douglass, was not in writing, but merely 1. PRINCIPAL AND verbal, and was not, therefore, available to SURETY: notice to sue. defendant as a defense, as has been held by this court in the following cases: *Langdon v. Markle*, 48 Mo. 357; *Cain v. Bates*, 35 Mo. 427; *Freligh v. Ames*, 31 Mo. 253.

The second ground of defense, viz: extension of time for payment, relied upon, is equally unavailable for the rea- 2. ——: exten- son that the evidence wholly fails to establish sion of time. any consideration for the promise of plaintiff to give further time or indulgence. The evidence shows that Douglass, the principal in the note, paid plaintiff $100 and also the interest then due on the note, amounting to $10, and that plaintiff agreed not to press him for the remainder, although defendant said he had the money and could pay the entire amount of the note if plaintiff demanded it. Part payment of a note after maturity is no valid consideration for an extension of time. Parsons on Bills and Notes, p. 240.

The court erred in refusing to instruct as requested by

plaintiff, that under the evidence plaintiff was entitled to recover, and in giving an instruction to the effect that if the jury believed that notice was given to plaintiff to make the money out of the principal, and that defendant paid $110 on the note, saying he had the money to pay it all if demanded, and plaintiff did not demand it, and agreed not to press him, they would find for defendant Sovereign.

For the errors above indicated the judgment will be reversed and the cause remanded, in which all concur.