SHERMAN COUNTY, APPELLANT, V. ALBERT T. NICHOLS ET AL., IMPLEADED WITH EDWIN HARPER ET AL., APPELLEES.

FILED JUNE 18, 1902.     No. 11,244.

Commissioner's opinion, Department No. 1.

1. **District Court: JURISDICTION: VACATION OF JUDGMENT: CODE.** A district court has no jurisdiction to vacate its own judgment in a cause after the term at which such judgment was rendered

except by petition in equity, or in accordance with the provisions of section 602 of the Code of Civil Procedure.

2. **Agreement:** VALID CONSIDERATION: SURETY: EXTENSION OF PAYMENT. An agreement, even upon a valid consideration, between the creditor and one or more of several sureties, extending the payment of the debt as to such sureties, does not operate as a release of other sureties not parties to such agreement.

3. **Part Payment by Surety:** AGREEMENT TO EXTEND. Part payment of a debt, past due, by one or more of several joint sureties is not a sufficient consideration for an agreement extending time of payment between the creditor and such sureties, so as to release other joint sureties not parties to such agreement.

APPEAL from the district court for Sherman county. Heard below before GRIMES, J. *Reversed.*

*Thomas S. Nightingale,* for appellant.

*Aaron Wall, contra.*

KIRKPATRICK, C.

This is an appeal from an order made by the district court of Sherman county on the 19th day of December, 1899, vacating and setting aside a sale of real estate theretofore made, and setting aside, vacating, satisfying and discharging a judgment or decree entered by the district court of that county on the 25th day of August, 1898. The record in the case is in such a condition as to make it almost impossible to determine exactly what the trial court did, but, as nearly as we are able to ascertain from the record, the proceedings had, they are about as follows: On the 4th day of April, 1895, Sherman county recovered a judgment for the sum of $4,942.78, upon a depository bond given by the People's State Bank of Litchfield, to secure a deposit of county money. The judgment ran against the bank as principal, and against Albert T. Nichols, John H. Wilson, Edwin Harper, Lawrence P. Nissen, W. H. Chapman, Henry Lewis, John Greenhalgh and Felix Eckhout, as sureties. Upon this judgment execution appears to have been issued and returned unsatisfied for the want of property. Some time later, the date

of which does not appear from the record, a suit was brought in the district court of Sherman county in the nature of a creditors' bill against the defendants above named, and a number of others, for the purpose of setting aside as fraudulent a number of transfers of real estate, made by the defendants involved in the first case mentioned for the purpose of putting their property out of their hands, and in fraud of creditors. Among these alleged fraudulent transfers are some made by Edwin Harper, one of the judgment defendants, to E. N. Harper. It is disclosed by the record that the creditors' suit was, by stipulation of parties, tried at chambers in the city of Grand Island in Hall county before the Honorable J. R. Thompson, judge of the district court of that county, and on the 25th day of August, 1898, a decree was entered therein by said judge, canceling and setting aside practically all of the conveyances mentioned in the petition, on the ground that the same were fraudulent and were made without consideration. This decree appears to have been filed in the district court of Sherman county on August 26, 1898. The cause seems to have been tried, submitted, and a decree entered and filed in pursuance of a stipulation made by the parties, which appears in the record. The decree provides for the sale of the property which had been uncovered by the decree. About the 22d day of October, 1898, a certified copy of this decree was placed in the hands of the sheriff of Sherman county, with directions to sell the property therein described. It also inferentially appears that execution was issued on the original judgment, which was also placed in the hands of the sheriff, who proceeded to levy under the copy of the decree upon the real estate mentioned, and upon the execution. He appears to have seized considerable personal property belonging to W. H. Chapman, Felix Eckhout, Lawrence P. Nissen, John Greenhalgh and Henry Lewis, and also seized forty acres of real estate belonging to one of the defendants, which appears not to have been involved in the suit to set

aside the fraudulent conveyances. Some time after the levy of these executions, and at a date not disclosed by the record, the defendants W. H. Chapman, Felix Eckhout, Lawrence P. Nissen, John Greenhalgh and Henry Lewis, being a portion, only, of the judgment defendants, who were sureties upon the bond mentioned in the first suit, appeared before the board of county commissioners and entered into an agreement with the county commissioners, which was spread upon the records of the board in the form of a resolution, which, in substance, was that said creditors were to pay the sheriff $500 on that day, to be applied upon the judgment, and the county board was to order the sheriff to release the personal property levied upon; that on the 1st day of December, 1899, following, or upon the confirmation of the sale of the lands mentioned in the decree canceling fraudulent conveyances, said creditors were to pay $500 more, to be applied upon the judgment, and the county attorney was directed to appear in court and consent to the vacation of the sale of certain of the lands belonging to the defendant Lawrence P. Nisson, and that when sheriff's deeds were made for the lands described in the copy of the decree under which the sheriff was selling, and the county either received said deeds as purchaser, or the money realized from the sale if some other person was the purchaser, the county was to release and satisfy the judgment in full, or to assign it to the parties named in the agreement who appeared before the board; and that in the meantime an execution should not issue on the judgment until December 1, 1899, or until the confirmation of the sale should be had. Whether either or both of these payments of $500 were made is not disclosed by the record, but on May 9, 1899, the appellees, Edwin Harper and E. N. Harper, his alleged fraudulent grantee, filed separate motions in the creditors' bill case in the district court to vacate, annul and set aside the judgment theretofore rendered in the district court against against Edwin Harper, giving four reasons, which, in substance, are that the judgment was satisfied, paid and

released in law and in fact, and that Edwin Harper had been released and discharged of all liability on the judgment because of the compromise proceedings had between the county commissioners and certain of the other sureties, defendants heretofore mentioned. From a careful examination of the motion filed by appellees Harper, it is quite clear that the judgment they sought to vacate and set aside was the judgment at law first herein mentioned, which was rendered against Edwin Harper alone. But it is also certain that the motions were in fact filed in the creditors' bill proceedings, and were passed upon by the court in that case. The object to be attained by the motions seems to have been to set aside the sale of real estate which Edwin Harper had fraudulently conveyed to E. N. Harper. Pending at the same time was a motion, filed by the county attorney on behalf of appellant, asking to have the sale of real estate of Edwin Harper confirmed. The hearing upon these motions seems to have been continued from time to time over various terms of court, until on December 19, 1899, when the district court made a finding and decree which in part is as follows: "The court doth find that the decree heretofore rendered herein on the 25th day of June, 1898 [having reference, doubtless, to the decree of August 25, 1898], in favor of the plaintiff and against the defendants E. N. and Edwin Harper, has heretofore been fully paid, released and discharged in law and in fact as to the interests of said two defendants involved therein; and that plaintiff's motion to confirm the sale of said land should be overruled, and that the motions of said defendants should be sustained. It is, therefore, considered by the court that the said decree be and the same is hereby released, canceled and discharged, in so far as the interests of the above-named defendants, E. N. Harper and Edwin Harper, are involved and that the sale of the lands situated in Sherman county [describing them] be, and the same is, hereby vacated and set aside, and that plaintiff's motion to confirm said sale be, and the same is, overruled."

It is very clear from the fact that these motions were filed in the creditor's bill case, and from the language of the court in the decree, that the court understood the motions to be properly in the creditors' bill case. The judgment in the law case only ran against Edwin Harper, while the decree entered by the court which we are considering, purported to vacate and set aside that portion of the decree in the creditors' bill case which set aside the conveyances made by Edwin Harper and E. N. Harper, and ordered the real estate sold. The decree also overrruled the application of the county for a confirmation of the sale. To this decree exceptions were taken by appellant, a supersedeas bond was fixed, and the cause brought to this court upon appeal.

It seems quite clear from the portion of the decree above quoted that two things were effected by the order complained of: First, the vacation and setting aside of the sale of the land of Edwin Harper, to which, so far as disclosed by the record, no objections had been made; and, second, the cancelation and annulment of the creditors' bill decree in so far as it affected the rights of Edwin Harper and E. N. Harper.

Two reasons are urged in briefs of counsel for appellant why the decree of the trial court should be held erroneous and the case reversed: (1) The court had no jurisdiction to make the order canceling and vacating the decree many years after its rendition upon motions such as those made by appellees Harper; and (2) that the action of certain judgment creditors taken in connection with the county board of Sherman county, did not operate to release, or in any manner affect, the liability of Edwin Harper or E. N. Harper, as fixed by the decree. So far as we can gather from the record, it appears to have been the theory of the trial court that the action taken by the county board was of such a nature as to release appellees Harper from the decree in the creditors' bill case, and to render the sale made by the sheriff of their land under that decree illegal, and that for that reason the sale should be vacated and

set aside. Upon the first question, it seems clear that the trial court was without jurisdiction, in so far as the order entered by it decreed a vacation and cancelation of the decree setting aside fraudulent conveyances in equity. A proceeding to vacate a judgment or decree such as that described, at the time it appears the order was made, should be brought and prosecuted under some one of the provisions of section 602 of the Code of Civil Procedure. There appears to have been no attempt to comply with any of the provisions of that section. If the question to be presented to the court was simply a question of whether the judgment had been paid, it might properly have been presented by motion; but the motion filed by appellees and the decree of the trial court, were not addressed to the satisfaction of the judgment on the ground that it had been paid, but, rather, to a cancelation and vacation of the judgment, as though it had been improperly entered, and upon the ground that an executory contract had been entered into between appellant and certain of the creditors regarding a judgment at law, which, as we shall see, was invalid.

In the second place, it is contended that the order made by the county board, upon an agreement of certain of the sureties therein named, was insufficient to operate as a release or discharge of Edwin Harper and E. N. Harper from liability under the decree. The rule seems to be that giving time to one of several sureties, even upon a valid consideration, does not have the effect of discharging the other sureties. This rule is based upon the principle that their liability is equal, and that extension of time given to one does not change the liability, or in any way prejudice the rights of the other, and that therefore he is not released or discharged from liability. Pingrey, Suretyship & Guaranty, sec. 120. *Draper v. Weld,* 13 Gray [Mass.], 580.

Again, it is clear that in no event would appellee Harper be released from liability on the decree in question, for the reason that the county received no consideration for enter-

ing into or making the contract referred to. We look in vain for any portion of the agreement which was of sufficient advantage to the county to operate as a consideration for its execution. The money which was paid was due from all of the defendants, among whom was Edwin Harper. Judgment had been entered several years prior to the action taken by the county board, execution had been issued and returned unsatisfied, and the amount of money represented by the judgment was long past due and payable. The rule is elementary that part payment of money upon a past-due obligation is not a sufficient consideration for an agreement giving to the debtors, or any of them, additional time. *Esterly Harvesting Machine Co. v. Pringle*, 41 Nebr., 265; *Davis v. Stout*, 126 Ind., 12; *Petty v. Douglass*, 76 Mo., 70; *Ingels v. Sutliff*, 36 Kan., 444; *Halliday v. Hart*, 30 N. Y., 474. The utmost effect which can be claimed for the order of the county board is that it is an executory conditional agreement to satisfy the judgment in controversy upon the making of certain payments. Whether such agreement made by the county board is a valid obligation against appellant county, need not be determined.

It is not disclosed that the money was ever paid, although it is probably true that the first $500 mentioned was paid, and the record discloses that the sale of the land mentioned in the resolution was vacated in the district court by agreement. The making of this agreement did not have the effect of releasing Edwin Harper from liability upon either of the judgments in controversy. No objections were filed to or urged against the validity of the sale as affecting the real estate of Edwin Harper, and, so far as we are able to determine, the sale and all proceedings leading up to it appear to be valid, and the order of the trial court vacating and setting aside the sale is erroneous.

For the reasons pointed out, we recommend that the judgment of the trial court canceling and setting aside the decree in the creditors' bill suit against Edwin Harper

24

and E. N. Harper be reversed and the cause remanded for further proceedings.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.