RALPH J. LOCKWOOD *v.* NAGY BROTHERS, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 3—decided November 6, 1962

*Ralph J. Lockwood,* pro se, the appellant (plaintiff); with him, on the brief, was *Robert R. Rosan.*

*Robert S. Seserman,* for the appellees (defendants).

PER CURIAM. This litigation is an aftermath of *Franks* v. *Lockwood,* 146 Conn. 273, 150 A.2d 215. In that case, James B. Franks recovered a judgment against Ralph J. Lockwood, Nagy Brothers, Inc., William Nagy and The Donrich Corporation. The judgment was paid by Lockwood. He now seeks indemnity from Nagy Brothers, Inc., and William Nagy for the amount of the judgment and costs and for the legal expenses which he incurred in defending the action. The trial court held that he had failed to sustain the burden of proof and rendered judgment for the defendants. The plaintiff has appealed.

The plaintiff is not entitled to any corrections in the finding. He has again made in this appeal improper attempts, similar to those which were criti-

cized in *Franks* v. *Lockwood,* supra, 275, to reconstruct the finding and allege error on a wholesale basis. He has even gone to the extent of filing in the trial court another "motion to correct finding." Apparently the reference on page 276 of the *Franks* case to § 172 of Maltbie, Connecticut Appellate Procedure, did not serve to alert him. Such a motion has not been a part of our appellate practice since 1931, when the new rules for appellate procedure were adopted following the repeal, in 1929, of various statutes, including § 5829 of the 1918 Revision, regulating appellate procedure. See Public Acts 1929, c. 301, § 14.

Indemnity is the right which a person has who has been compelled to pay what another should be forced to pay in full. It is also called exoneration. Like contribution, the doctrine affording reimbursement is based on equitable principles. *Fidelity & Casualty Ins. Co.* v. *Sears, Roebuck & Co.,* 124 Conn. 227, 231, 199 A. 93. To prevail, it was incumbent on the plaintiff to prove that, in equity, the defendants rather than he should bear the loss.

The plaintiff had contracted to build houses on four lots which he owned, grade the lots, cover them with topsoil and convey the properties to four purchasers. He delegated the work to The Donrich Corporation, in which he owned 50 percent of the stock. James Roberts, the foreman on the job, hired Nagy Brothers, Inc., to do the grading, and he directed William Nagy, its employee, to strip topsoil from some lots which the plaintiff, without Roberts' knowledge, had sold to Franks and to spread it on the four lots which the plaintiff was obligated to grade. As already stated, Franks obtained judgment against the plaintiff, The Donrich Corporation, Nagy Brothers, Inc., and William

Nagy, and the plaintiff had to pay the judgment.

William Nagy committed a trespass when he removed the topsoil from the Franks property. He was acting under the direction of the foreman on the job and was innocent of any intentional wrongdoing. That the plaintiff was unaware of the trespass until after it had been committed would not put him in any better position than Nagy. Furthermore, he benefited by Nagy's act. He is not entitled to indemnity from these defendants. "One who institutes suit against another must be prepared to show a prior or superior equity in himself. If the equity of the one party is shown to be equal to the equity of the other—that is, if one was as well situated as was the other to foresee and prevent the prejudicial situation—the loss or harm must be borne by the party upon whom it has fallen." 19 Am. Jur. 335, Equity, § 482; see *Holly* v. *Missionary Society,* 180 U.S. 284, 295, 21 S. Ct. 395, 45 L. Ed. 531; Restatement, Restitution § 92, comment c.

There is no error.