[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE SPECIAL DEFENSE
I.
On March 23, 1987, the defendant, Magnum Development Corp., executed a promissory note payable to the plaintiff, Security Savings and Loan Association in the principal amount of $2,500,000.00 which was subsequently modified by an amendment dated June 25, 1987 increasing the principal amount to $4,000,000.00. To secure the note the defendant Magnum mortgaged to the plaintiff a parcel of land located in the City of Waterbury by mortgage deed dated March 23, 1987. On March 23, 1987, the defendant Walter A. Dethier, executed a written guaranty, attached to the complaint as exhibit F, in which the defendant Dethier allegedly guaranteed and warranted to the plaintiff the prompt payment of all obligations incurred by the defendant Magnum. The guaranty also contained the signature of Robert B. Murphy Jr. as a co-guarantor. The plaintiff instituted the present foreclosure action upon default.
On March 18, 1991, the defendant Dethier filed an answer and two special defenses in the complaint. The first special defense CT Page 8237 alleges that the defendant is not indebted to the plaintiff pursuant to the alleged guaranty as the plaintiff released the co-guarantor, Robert B. Murphy, Jr., thereby releasing defendant from his guarantee since he was damaged by this release. In the second special defense, the defendant alleged no indebtedness to the plaintiff since the release of the co-guarantor Murphy materially altered the defendant's potential liability and was done without his express consent thereby releasing him from his guarantee since he was damaged by the release.
On June 27, 1991, the plaintiff moved to strike the two special defenses of the defendant Dethier on the ground that these defenses are legally insufficient to constitute a defense to the allegations contained in the complaint. Specifically, the defendant argues that the written guaranty expressly permits the release by the plaintiff of co-guarantors without notice to the defendant Dethier and without impairing any rights the plaintiff may have against remaining guarantors. The plaintiff filed a memorandum of law in support of the motion to strike. The plaintiff also moved to strike the first special defense filed by the defendant Magnum which special defense was subsequently withdrawn.
On July 26 1991, the defendant Dethier filed an objection to the motion to strike the special defenses. The defendant Dethier argues that the guaranty does not explicitly state that a co-guarantor may be released without the consent of the remaining guarantors. The defendant further argues that he did not receive any notice of the release of the co-guarantor or explicitly agree to any change in his liability as a result of that release.
 II.
A motion to strike is the proper vehicle to challenge the legal sufficiency of any part of an answer, including any special defense contained therein. Conn. Practice Bk. Section 152. "[I]f the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 109 (1985). "If. . . a party seeks the admission of evidence which is consistent with a prima facie case; but nevertheless would tend to destroy the cause of action, the new matter must be affirmatively pleaded as a special defense." Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6 (1973). Thus, "[t]he purpose of the special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action." Commissioner of Environmental Protection v. National Can Corp.,1 CSCR 272. (February 9, 1990, Corrigan, J.). See also Conn. Practice Book Section 164 (release must be specially pleaded). CT Page 8238
The subject guaranty contains the following provisions:
 2. The undersigned, jointly and severally, hereby consent that the terms and conditions of the Note or the amended Note, the Mortgage and/or any other document given in connection with the Loan evidenced by the Note or the amended Note may be changed, that the time of payments of principal, interest or other amounts under the Note or the amended Note may be extended, and that any security for the Loan may be released, exchanged, surrendered or impaired, that parties primarily or secondarily liable on the Note or the amended Note may be added or released, all without notice to or the necessity of further assent by the undersigned, the undersigned to remain bound upon this guaranty, notwithstanding any such change, extension or release or other indulgence granted to the maker of the Note or the amended Note or any such release, exchange, surrender or impairment of security or addition or release of any party primarily or secondarily liable on the Note or the amened Note or the Mortgage. The undersigned, jointly and severally, hereby waive all defenses, counterclaims or offsets which any of the undersigned might have by reason of any such change or extension of the terms and conditions of the Note or the amended Note, the Mortgage or any other document given in connection with the Loan evidenced by the Note or the amended Note or any such release, exchange, surrender or impairment or severity; or any such addition or release of a party liable on the Note or the Amended Note or the Mortgage or other document. Each of the undersigned further waives acceptance of this guaranty and presentment or demand for payment, protest and notice of dishonor with respect to the Note or the amended Note or the obligations of the undersigned hereunder.
CT Page 8239
A guarantor has been defined as a person who becomes secondarily liable for another's debt or performance. Black's Law Dictionary 705 (6th ed. 1990). "A guarantor, as between himself and his co-guarantors, is a principal for the position of the debt which he ought to pay and is a surety for the remainder, and if one co-guarantor is compelled to make good upon his guaranty he has a right of contribution against his co-guarantors." Bristol Bank Trust Co. v. Broderick, 122 Conn. 310, 315 (1937). "A creditor who discharges one co-surety either in full or in part may reserve no right against a co-surety either the entire claim, or for the portion equitably due from such co-surety." Id. at 316. In Bristol Bank Trust, the guarantors received notice of their continuing liability and the creditor's intent not to release them from the obligation despite the fact the creditors had agreed to accept weekly payments from one guarantor. Id. at 314-316.
 Where rights, duties and obligations are fully stated in a written contract between the parties, the court is obligated to determine the intention of the parties from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. When the intention conveyed is clear and unambiguous, there is no room for construction.
(citations omitted). Kronholm v. Kronholm, 16 Conn. App. 124, 130
(1988).
The language of the guaranty is clear and unambiguous. Under the provisions of the guaranty the defendant Dethier did waive any defense based upon the release of a party liable on the note. The defendant Dethier, as a guarantor, is secondarily liable upon the note. See Black's Law Dictionary 705 (16th ed. 1990). The plaintiff did reserve its rights against an unreleased guarantor who, by the provisions of the guaranty, would remain bound notwithstanding the release of any party primarily or secondarily liable on the note. Furthermore, the provisions of the guaranty permit release of one party primarily or secondarily liable on the note without notice to or assent by the guarantors.
In Bristol Bank Trust, the Connecticut Supreme Court CT Page 8240 recognized the reservation of rights by the creditor against a guarantor upon the release of a co-guarantor. Bristol Bank Trust, 122 Conn. at 316. In Bristol the creditor reserved its right by notice to the guarantor after release, but in the present case the plaintiff, as creditor, reserved its rights initially within the terms of the guaranty itself. Thus, under the provisions of the guaranty, the defendant waived any defense based upon the release of the co-guarantor. Cf. Bell Atlantic Tricon Leasing Corp. v. Southern Connecticut Sewer Water Co. Inc.,1 CTLR 669 (May 25, 1990, Hartmere, J.) (court granted motion to strike special defenses upon the finding that the defendant had waived such defenses under the provisions of the lease).
Accordingly, plaintiff's motion to strike the defendant Dethier's special defenses is granted, as the provisions of the guaranty reserved the creditors rights against defendant Dethier upon the release of a co-guarantor secondarily liable on the note.
SANTOS, J.