[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 20, 1992, after the defendant's request to revise was partially granted, the plaintiff filed a three-count revised complaint. In the first count, the plaintiff alleges that on January 6, 1988, after the defendant, William R. Prescott, signed and delivered a personal guarantee to the Union Trust Company, the plaintiff, Richard C. Maconi, at the request of the defendant, separately signed and delivered a personal guarantee to the Union Trust Company. The guarantees were executed in conjunction with a certain commercial loan agreement between Bridgeview Associates Limited Partnership and Union Trust Company on January 6, 1988. Bridgeview Associates Limited Partnership (Bridgeview Associates) was a limited partnership organized pursuant to a limited partnership agreement, which named Bridgeview Development Corp. of New Haven, Inc. (Bridgeview Development Corp. ) its general partner. The defendant was the president, treasurer, sole director and sole shareholder of Bridgeview Development Corp.
On April 30, 1988, Union Trust Company brought suit seeking both foreclosure of a commercial mortgage, which secured payment of the commercial loan, and deficiency judgment. On May 13, 1991, the court entered judgment of strict foreclosure, and on August 14, 1991, the court entered a $310,045.67 deficiency CT Page 7593 judgment against Bridgeview Associates, the plaintiff, and the defendant. On September 30, 1991, the plaintiff paid $100,000.00 to Union Trust Company in full satisfaction of the deficiency judgment, and the defendant has failed to pay said sum or any part thereof. Based upon these facts, the plaintiff, in paragraph ten of the first count, alleges that "[t]he plaintiff is liable on this debt secondarily to defendant, and as such is entitled to full reimbursement of the aforesaid sum from the defendant."
In the second count, the plaintiff incorporates by reference every paragraph in the first count. Based upon these facts, the plaintiff alleges that "[t]he defendant is cosurety on the note, and as such must pay his contributive share of the payment plaintiff made to Union Trust Company." Finally, in the third count, the plaintiff, after incorporating by reference every paragraph of the first count, alleges that "[t]he defendant is jointly and severally liable on the judgment debt, and as such must pay his contributive share of the payment which plaintiff made to satisfy this debt."
On May 21, 1992, the defendant filed a motion to strike the first, second, and third counts of the revised complaint on the grounds that the first count fails to state a cause of action for reimbursement because the defendant was not the principal debtor for the loan obligation, and the second and third counts fail to state causes of action for contribution because an action for contribution cannot be maintained until the plaintiff has paid more than his share of the joint obligation.
"The purpose of a motion to strike is to `contest. . .the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
When testing the sufficiency of a pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-6, 449 A.2d 986
(1982). However, "[t]he allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citation omitted.) Mingachos, supra, 108-09.
In the first count of the revised complaint, the plaintiff CT Page 7594 seeks full reimbursement from the defendant.
 Indemnity is the right which a person has who has been compelled to pay what another should be forced to pay in full. It is also called exoneration. Like contribution, the doctrine affording reimbursement is based on equitable principles. (Citation omitted.) To prevail, it is incumbent on the plaintiff to prove that, in equity, the defendants rather than he should bear the loss.
Lockwood v. Nagy Bros., Inc., 150 Conn. 691, 692, 186 A.2d 82
(1962). As a result, in order to state a claim for indemnification, the plaintiff must set forth sufficient facts to establish that, as between the plaintiff and the defendant, the defendant should have paid the deficiency judgment in full. In support of the plaintiff's claim of full reimbursement, the plaintiff alleges that the guarantee was executed at the defendant's request. According to 38 C.J.S. Guaranty 111:
 Where a guarantor, who has entered into a contract of guaranty at the request of, or with the consent of the principal obligor, pays or is compelled to pay his principal's debt, the law raises an implied promise, unless there is an express one, on the part of the principal to reimburse the guarantor, and on payment of the debt the guarantor at once has a right of action against the principal for reimbursement of the amount which he has paid.
Although the plaintiff alleges that the guarantee was executed at the defendant's request, the plaintiff does not allege that he entered into a contract of guarantee at the request of the defendant as principal obligor, or that he paid or was compelled to pay the defendant's principal debt.
The plaintiff also alleges in count one that "the plaintiff is liable on this debt secondarily to defendant, and as such is entitled to full reimbursement." However, a motion to strike does not admit legal conclusions. Mingachos, supra, 108. The plaintiff must plead sufficient facts to show that the plaintiff is secondarily liable to the defendant.
`One who institutes suit against another CT Page 7595 must be prepared to show a prior or superior equity in himself. If the equity of the one party is shown to be equal to the equity of the other — that is, if one was as well situated as was the other to foresee and prevent the prejudicial situation — the loss or harm must be borne by the party upon whom it has fallen.'
(Citations omitted.) Lockwood, supra, 693. According to the factual allegations in count one, Bridgeview Associates was the principal obligor for the $500,000.00 loan from the Union Trust Company, and, by virtue of Connecticut General Statutes34-17(b) and 34-53, which make general partners liable for the debts of the limited partnership, Bridgeview Development Corp., as the general partner, may incur primary liability for the debts of Bridgeview Associates. However, the defendant's status as the president, treasurer, sole director, and sole shareholder of Bridgeview Development Corp., without additional allegations, does not support the plaintiff's claim of secondary liability. "Generally, a corporation is a distinct legal entity and the stockholders are not personally liable for the acts and obligations of the corporation." Saphir v. Neustadt, 177 Conn. 191,209, 413 A.2d 843 (1979). "`Ordinarily the corporate veil is pierced only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetrate fraud or promote injustice.' (Citations omitted)." Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544,557, 447 A.2d 406 (1982). The court will not exercise its equitable powers and disregard the corporate fiction just because the plaintiff made a bad deal. Id. In the present case, the plaintiff has not alleged facts showing that the corporate veil should be pierced, thereby imposing primary liability on the defendant, and has not sufficiently alleged facts showing why the defendant should have paid the deficiency judgment.
Accordingly, the plaintiff's conclusory allegation in count one that the plaintiff is secondarily liable to the defendant is insufficient to state a claim for reimbursement. "The motion to strike. . .'is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged.'" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 549-50, 427 A.2d 822 (1980). Therefore, the motion to strike count one is granted.
In the second and third counts of the revised complaint, the plaintiff alleges that the defendant is obligated to contribute to the plaintiff's discharge of the deficiency judgment. CT Page 7596
 A guarantor, as between himself and his co-guarantor, is a principal for the portion of the debt which he ought to pay and is a surety for the remainder, and if one co-guarantor is compelled to make good upon his guaranty he has a right of contribution against his co-guarantors.
Bristol Bank Trust Co. v. Broderick, 122 Conn. 310, 315,189 A. 455 (1937). However, in response to the allegations in counts two and three, the defendant argues that the plaintiff, by paying $100,000.00 to discharge the deficiency judgment, is not entitled to contribution because the plaintiff did not pay more than his share of the $310,045.67 joint obligation.
Restatement of Restitution 81, comment d, addresses this factual scenario.
 The rule stated in this section [Restatement of Restitution 81] applies irrespective of the manner in which the duty is discharged, whether it is by performance, by accord and satisfaction or otherwise; the quasi-contractual measure of recovery is reimbursement for the proportionate share up to the amount of the debt or the value of that which was given (See Illustration 6).
Illustration 6 provides that "A and B are co-sureties for C upon a note for $2000 due D. The note is not paid upon maturity and A transfers to D property worth $1500 in full satisfaction. A is entitled to contribution from B of $750." In addition, 85 of the Restatement of Restitution provides:
 A person who has discharged more than his proportionate share of a duty owed by himself and another, as to which neither of the two had a prior duty of performance, and who is entitled to contribution from the other under the rules stated in 81-84 is entitled to reimbursement, limited
 (a) to the proportionate amount of his net outlay properly expended and
(b) if the payor became a party to the CT Page 7597 transaction without the consent of the other, to the proportionate amount by which the other has thereby benefited.
(Emphasis added.) Although the plaintiff did not pay the total amount of the deficiency judgment, $310,045.67, the plaintiff expended $100,000.00 to fully discharge the deficiency judgment with respect to all parties; therefore, the plaintiff, as co-surety with the defendant, is entitled to contribution limited to the proportionate amount of his net outlay properly expended.
Accordingly, the plaintiff, in counts two and three, has stated claims for contribution upon which relief can be granted; therefore, the defendant's motion to strike the second and third counts is denied.
Howard F. Zoarski, Judge