[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff [Maconi] in this case seeks contribution from Defendant [Prescott] for payment to Union Trust Company [Bank] holders of a joint deficiency judgment arising out of a foreclosure action, Union Trust Company v. Bridgeview Associates Limited Partnership [Bridgeview] et al., CV89 02853345 Judicial District of New Haven.
On August 14, 1991 the court entered a Deficiency Judgment arising out of the Strict Foreclosure Action, against Bridgeview, Maconi, Prescott and Philip Greenblatt [Greenblatt] jointly and severally in the sum of $310,035.67.
A background of the mortgage foreclosed is necessary for the decision in this case.
In 1985, Maconi was the general partner in a group known as Oyster Harbour. Oyster Harbour owned two parcels of land in New Haven. At that time one parcel was subject to a first mortgage in favor of one Albert Milo, not a party to this suit, in an amount of $100,000, the Bank held a second mortgage to that parcel and also a first mortgage to the second parcel. In 1985, a group known as Bridgewater Associates Limited Partnership purchased the property, with no cash investment, by assuming liability for the Milo mortgage and the Bank mortgage.
In 1988 Bridgeview executed a note for $500,000 for valuable considerations needing funds to complete the development. The Bank wanted an all purpose guarantee from, Maconi, Prescott and Greenblatt. Prescott and Maconi signed an all purpose guarantee for $500,000 and Maconi signed an all purpose guarantee limited to $342,000.00 [Plaintiff's Exhibit A]. The Bank upon default of payment on the note in late 1988 started its foreclosure action in April 1989 with a June 6, 1989 return date. It is unclear whether CT Page 9329 Prescott asked Maconi to sign the guarantee or whether the Bank demanded it. It was nonetheless an all purpose guaranty given by Maconi to the Bank.
Between the commencement of the foreclosure and October 9, 1990 Prescott petitioned the court to reopen and extend the law day or to order a foreclosure by sale. On October 10, 1990 Prescott by notice advised the Court that an involuntary petition in bankruptcy had been filed on behalf of the defendant Bridgeview. The petition had been filed by certain limited partners of the Bridgeview partnership against the Partnership. After the Bankruptcy, Prescott, Greenblatt and counsel for Maconi met to get releases of their guarantees. Maconi was not willing to pay anything towards the settlement for his release.
On March 18, 1991 the Bank made an agreement [Defendant's Exhibit 6] in which it agreed to convey the property subject of the foreclosure to the petitioning creditors in the Bankruptcy [See Paragraph E of Defendants Exhibit 6] and Prescott. Further the Bank agreed to release guarantor Greenblatt for $50,000 subject to a review of his financial statement. As additional consideration, the Bank upon transfer of title to the 3 creditors and Prescott and receipt of the purchase price released the guaranty of Prescott and waived any rights against him by virtue of the guaranty. Title to the property was conveyed on August 22, 1991. The Bank however notwithstanding releases to Greenblatt and Prescott expressly reserved its rights to pursue its deficiency against the other guarantor, Maconi [See Paragraph 8 Defendant's Exhibit 6].
On September 5, 1991 the Bank, after releases to Greenblatt and Prescott, filed its Notice of Judgment in the amount of $306,780.67 against Bridgeview, Greenblatt, Maconi and Prescott [Plaintiff's Exhibit G]. The only remaining obligor on the deficiency was Maconi. On September 30, 1991 Maconi through counsel paid the Bank $100,000. Satisfaction of judgment was filed September 30, 1991 in the foreclosure action.
At the commencement of this action Maconi sought full payment of the $100,000 he paid for the satisfaction of judgment. On August 12, 1992 the Court [Zoarski, J] struck the count for full payment under the law recited in Lockwood v. Nagy Bros. Inc.,150 Conn. 691, 692, 186 A.2d 82 (1962). [See Memorandum of Decision Zoarski, J. pp. 4-6].
The plaintiff in counts two and three of the revised complaint CT Page 9330 is essentially seeking contributions. In Bristol Bank and Trust Co. v. Broderick, 122 Conn. 310, 315, the court held:
 "A guarantor, as between himself and his coguarantor, is a principal for the portion of the debt which he ought to pay and is a surety for the remainder, and if one co-guarantor is compelled to make good upon his guaranty he has a right of contribution against his coguarantors."
The defendant concedes that the plaintiff is correct in his statement of law that he is entitled to contribution from the defendant if he either, (1) paid the full deficiency judgment or, (2) paid part of the deficiency but by doing so satisfied the whole judgment [Defendant's Post Trial Memorandum at page 8].
The defendant argues that the crucial document in this case is the agreement between the Bank and the Purchasers [Defendant's Exhibit 6].
The agreement to release Prescott was for good and valid consideration. Greenblatt was conditionally released for $50,000 depending upon verification of the Bank. The Bank reserved its right to proceed against Maconi, only. All the foregoing was accomplished as of August 22, 1991. The Bank on September 5, 1991 had only one person to satisfy the balance of the deficiency judgment it held, that was Maconi. Maconi was invited to the meetings to negotiate a payment on his share of the deficiency, he elected to "go it alone." The Bank and Maconi in reality negotiated what it wanted Maconi to pay for his release which it settled for $100,000.00. Maconi did not pay $100,000 for the other co-guarantors. The satisfaction of judgment filed on September 30, 1991 [Plaintiff's Exhibit I] reflected the end of the case. The payment made by Maconi was not made for the benefit of Prescott but for his own share of the joint and several obligation. Accordingly, judgment is entered in favor of the defendant on both counts of the Revised Complaint.
The defendant failed to establish or prove damages on the counterclaim. Further the defendant has failed to brief same in his post-trial brief and accordingly it is deemed waived. Judgment may enter in favor of the plaintiff Prescott on the counterclaim. CT Page 9331