[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT SACHS' MOTION FOR SUMMARY JUDGMENT
This is an action for contribution and unjust enrichment brought by the plaintiff, Joseph Celentano ("Celentano") against the defendant, Kalman Sachs ("Sachs"), and two other defendants. All parties were stockholders in a Connecticut corporation known as Suna Associates, Inc. ("Suna"). Sachs has moved for summary judgment asserting that, as to him, Celentano has no valid claim of contribution, and that as a matter of law he is entitled to judgment in his favor. For the reasons set forth below, the motion for summary judgment is denied.
Although the series of financial transactions relating to this lawsuit are complicated, for purposes of this summary judgment motion they may be summarized as follows.
Suna Associates, Inc. borrowed $2,378,000.00 from the Connecticut Savings Bank to be used to develop a piece of real estate. In connection with the loan, the Connecticut Savings Bank required Celentano and Sachs each to guarantee one half of the loan amount ($1,289,000.00). Prior to the loan being made, but after the bank had issued a commitment letter, the stockholders of Suna entered into an agreement. The agreement referenced the loan and required guarantees by Celentano and Sachs and provided that (1) each stockholder would be liable for repayment of the loan up to a maximum of $1,289,000.00 and (2) that among the stockholders their rights of contribution and reimbursement would be based on their percentage of stock interest in the corporation. At the time that this agreement was executed, Celentano owned 21.1111% of the stock in Suna and Sachs owned 16.6667%. CT Page 4381
Suna defaulted on the loan and the bank foreclosed on the property. Ultimately, the FDIC, as receiver of the Connecticut Savings Bank, obtained a deficiency judgment against Suna for $1,696,244.93. Pursuant to the guarantees, the FDIC also obtained judgments against Celentano and Sachs for $1,289,000.00 each. Thereafter Celentano paid $850,000.00 to the FDIC and was released from personal liability on the judgments. The FDIC did not release Sachs, Suna or any other Suna stockholder.
Based on his payment to the FDIC, Celentano commenced the present lawsuit seeking contribution from the other Suna stockholders. Celentano claims that his payment of $850,000.00 exceeded his 21.1111% share of the debt based on the stockholder's agreement which, as described above, tied rights of contribution to each stockholder's percentage ownership of the corporation.
Sachs argues that claims of contribution as to him must be based on the guarantee agreement with the bank and not on the stockholder's agreement. He further claims that with respect to the guarantee, Celentano has not paid more than his equitable share because Sachs remains liable for one half of the deficiency judgment plus interest.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United OilCo. v. Urban Development Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988).
Neither party disputes the well-established rule in Connecticut that a guarantor is only entitled to reimbursement or contribution from a co-guarantor if the guarantor paid an amount in excess of his proportionate share of the obligation. BristolBank Trust Co. v. Broderick, 122 Conn. 310, 315 (1947). The question is whether, as between Celentano and Sachs, Celentano CT Page 4382 paid more than his proportionate share. His payment of $850,000.00 amounts to approximately fifty percent of the deficiency judgment. Based on the guarantee agreement, Celentano has not paid more than his proportionate share, since Sachs is still liable for the remaining half of the deficiency judgment. On the other hand, based on the shareholder's agreement, Celentano's payment was more than 21.1111% of the deficiency judgment and therefore that agreement provides a basis for Celentano to claim contribution from the other Suna shareholders including Sachs. In sum, the resolution of this issue turns on which agreement controls. Stated another way, the issue is whether it was the parties' intention to have the stockholder's agreement control all claims of contribution even those arising between the two guarantors. This determination is a question of fact. See 17A Am. Jur.2d. CONTRACTS § 390 (determination of the promises to which the parties assented is a question of fact).
Based on the present record, there exists an issue of material fact as to the intent of the contracting parties. Accordingly, the motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 26th day of April 1999.
Robert J. Devlin, Jr., Judge